FILED IN CHAMBERS
U.S.D.C. Rome

JUL 1 2 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CRISTOBAL WILSON, | : | PRISONER CIVIL RIGHTS |
| also known as Daniel Velazquez, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN A. BOUGNER, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:06-CV-2640-RLV |

## ORDER

Plaintiff, Cristobal Wilson, has submitted the instant  42 U.S.C. § 1983 action and paid the required filing fee.  The matter now is before the Court on the complaint (Doc. No. 1) for screening pursuant to 28 U.S.C. § 1915A.

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal

AO 72A
(Rev.8/82)

theories are indisputably meritless," or immunity bars relief.  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A litigant fails to state a claim when he fails to plead  "enough factual matter (taken as true)" to plausibly support his claim for relief and, thereby, give the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's factual allegations, construing them favorably to the plaintiff.  Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).  Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts.  Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in

AO 72A
(Rev.8/82)

support of a claim, then that claim is subject to dismissal.  See Chappell v. Rich, 340

F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   <u>Discussion</u>

Plaintiff brings this civil rights action against Brian A. Bougner and Matthew

Leon Owen, Cobb County Police Officers, and the Cobb County Police Department.

(Doc. No. 1 ¶ III.)  Plaintiff complains regarding the handcuffing he experienced

during his December 12, 2004, arrest.  (Id. ¶ IV.)  Plaintiff states that, while he was

talking to friends in a parking lot, two police officers (apparently Bougner and Owen)

approached him and asked (1) if he needed help, (2) whether he was driving, and

(3) whether he would perform a DUI test.  (Id. ¶ IV.)  Plaintiff states that, although he

was not driving, he agreed to take the test, and was arrested for DUI.  Plaintiff states

that, although he never resisted the officers or caused them any harm, one of the

officers placed the handcuffs on him so tightly that they cut into his wrists.  Plaintiff

contends that, although he asked the officers to adjust the handcuffs, (1) they refused,

(2) he was "kept in this situation for hours," and (3) when he arrived at the jail, his

hands were "different colors and numb."  Plaintiff asserts that the above handcuffing

caused (1) possible nerve damage and (2) injury to his "left wrist [and] thumb, and

index finger and right index finger," which remain numb and for which he has been undergoing treatment for eight months. (Id.) Plaintiff seeks damages. (Id. ¶ V.)

## A.     The Cobb County Police Department

A county police department (a county subdivision) generally is not considered a legal entity that is amenable to suit. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); see also Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions . . . is not an entity subject to suit"). Legal capacity to be sued is determined according to state law, Dean, 951 F.2d at 1214-15, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue the Cobb County Police Department. Additionally, Plaintiff's claim – had he brought it against the county – would fail in that he does not allege or suggest that the county (or its police department) has a custom or policy of tightly handcuffing arrestees. See Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003) (stating that a county may be liable if its custom or policy caused the alleged violation).

## B.     Excessive Force Claims Against Police Officer Defendants

Allegations that a state actor used excessive force against an arrestee raise Fourth Amendment concerns regarding the arrestee's right to be free from

4

unreasonable seizures.  <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989).  To

determine whether the force used to arrest is "reasonable" requires a balancing of the

nature of the intrusion on the arrestee's Fourth Amendment interests with the

governmental interests in using force, and "requires careful attention to the facts and

circumstances of each particular case, including the severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others,

and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u>

at 396.  In determining whether the force used was reasonable, this Court is mindful

that "the right to make an arrest or investigatory stop necessarily carries with it the

right to use some degree of physical coercion or threat thereof to effect it." <u>Id.</u> (citing

<u>Terry v. Ohio</u>, 392 U.S. 1, 22-27 (1968)).  Painful handcuffing, alone, does not

constitute excessive force.  <u>Rodriguez v. Farrell</u>, 280 F.3d 1341, 1351 (11th Cir.

2002). Further, handcuffing that causes skin abrasions, for which the arrestee does not

seek medical treatment, indicates the use of minimal force. <u>Gold v. City of Miami</u>,

121 F.3d 1442, 1446 (holding that officer was entitled to qualified immunity on

excessive force claim).  In contrast, factual allegations that, in non-dangerous

circumstances, an officer placed an arrestee in excessively tight handcuffs, the officer

ignored the arrestee's requests to loosen the handcuffs, and the arrestee suffered

5

permanent nerve damage or injury that required surgery, are sufficient to state an excessive force claim. See Kopec v. Tate, 361 F.3d 772, 777 (3rd Cir. 2004); Payne v. Pauley, 337 F.3d 767, 778-80 (7th Cir. 2003).

Here, for the purpose of § 1915A review, it cannot be said that Plaintiff's allegations – that Defendants placed Plaintiff (who was compliant) in excessively tight handcuffs for a lengthy period of time, Defendants ignored Plaintiff's request to loosen the handcuffs, and Plaintiff suffered possible nerve damage and injuries that require ongoing treatment – fail to state an excessive force claim against Bougner and Owen. Accordingly, Plaintiff shall be allowed to proceed on his excessive force claim against the police officer Defendants.

## III.   Conclusion

For the reasons given,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's excessive force claims against Brian A. Bougner and Matthew Leon Owen are **ALLOWED TO PROCEED** as any other civil action.

**IT IS FURTHER ORDERED** that all claims against the Cobb County Police Department are **DISMISSED**.

AO 72A
(Rev.8/82)

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for Defendants Bougner and Owen and the initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant and to complete the initial disclosures form. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendants for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and

7

to mail the service waiver package to Defendants.  Defendants have a duty to avoid unnecessary costs of serving the summons.  If a Defendant fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form.  The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.  Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their

8

counsel.   This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action.   Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A. & B.

**IT IS SO ORDERED,** this _12th_ day of _____July_____, 2007.


_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

9